# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 03-20129-CM** |
| ) | |
| **OLIVER VANDEVENDER,** ) | |
| ) | |
| **Defendant.** ) | |
| ————————————————————— ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Oliver Vandevender's Motion to Modify Fine[1] (Doc 121).  This court sentenced defendant on June 15, 2004.  During defendant's sentencing, the court ordered defendant to pay $21,200 in restitution, but did not impose a fine upon defendant.  The court ordered him to pay the money immediately by monthly installments.

Defendant argues that because he is indigent, the order making the money due immediately improperly delegates the defendant's payment plan to the Bureau of Prisons.  He requests that the court modify the restitution order to order that restitution be paid during his supervised release, and not while he is incarcerated.  The government argues that because the $21,200 is restitution, not a fine, defendant's arguments are without merit.

18 U.S.C. § 3664(o) sets forth limited circumstances in which orders of restitution can be

---

[1] Because defendant is proceeding pro se, the court will construe his pleading liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Although, defendant titled his motion "motion to modify fine," he refers to the $21,200 restitution, and thus, the court will consider his motion as a request to modify his restitution.

changed, including those set out in Rule 35 of the Federal Rules of Criminal Procedure, and 18 U.S.C. §§ 3742, 3664(d)(5), 3664(k), 3572, 3613A, 3565 and 3614. The court has carefully considered each of these statutes and finds no basis in any of the sections cross-referenced in § 3664(o) that would permit the court to modify the restitution as defendant requests. While §§ 3664(d)(5) and 3664(k) may allow a sentencing court to modify the method and manner of payment by altering the periodic payment schedule in certain circumstances, those circumstances do not apply here.

For the reasons referenced above, the court is without authority to grant the relief sought by defendant. In any event, the court finds that, even if it did have authority to modify the restitution ordered here, it would not do so. Defendant's claim appears to contest the use of the Inmate Financial Responsibility Program (IFRP) to establish and enforce payments for court ordered restitution. The Tenth Circuit has upheld the Bureau of Prisons use of the IFRP program and found that the program is not an improper delegation of the court's responsibility. *See e.g., U.S. v. Bowen*, 225 F. App'x 765, 768 (10th Cir. 2007) (recognizing that the sentencing court is prohibited from delegating to the Bureau of Prisons the responsibility for setting the payment schedule for court-ordered restitution, but inmates participating in the IFRP under 28 C.F.R. §§ 545.10 and 545.11 may commit a percentage of their prison employment earnings toward the payment of court-ordered restitution.).

Based on the record before the court, the court finds that defendant's motion is without merit.

**IT IS THEREFORE ORDERED** that defendant's Motion to Modify Fine is denied.

-2-

Dated this 23rd day of January 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**